IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CRIM. NO. 3:17-CR-0088-CCC |
| LUIS ANGEL MONZON-OCASIO, | ) |
| Defendant. | ) |

## MOTION TO DISMISS INDICTMENT FOR

## VIOLATION OF SPEEDY TRIAL ACT

**TO THIS HONORABLE COURT:**

**COMES NOW,** defendant Luis Angel Monzon-Ocasio, by and through undersigned counsel and respectfully informs the Court as follows**:**

1. On February 3, 2017, Defendant was arrested pursuant to a Criminal Complaint and brought before a Magistrate Judge for his Initial Appearance, whereupon he was temporarily detained until his Preliminary hearing set for February 7, 2017. (D.E. #6)

2. On February 7, 2017, Defendant attended his Preliminary and Detention Hearing, wherein he was granted bond and released awaiting trial. (D.E. #8)

3. On February 13, 2017, Defendant was charged by an Indictment that was made public in the District of Puerto Rico in the above-referenced case. (D.E. #9)

4. Also on February 13, 2017, this Honorable Court scheduled Defendant's Arraignment for February 22, 2017 (his last scheduled appearance before the Court).

5. On February 16, 2017, Defendant waived his right to an Arraignment and pled NOT GUILTY to the Indictment (D.E. #11).

6. In lieu of his appearance, on February 21, 2017, the Court accepted Defendant's filing and a plea of NOT GUILTY was entered by the Court (D.E. #12)

1

7. On April 11, 2017 (57 days after Defendant was charged by Indictment, and 49 days after Defendant's plea of not guilty was entered), this Honorable Court issued a Scheduling Order that set Defendant's trial for July 10, 2017 at 2:00 p.m. (D.E. #15)

8. The following day, on April 12, 2017, Defendant Luis Angel Monzon-Ocasio filed a Notice with this Honorable Court asserting his speedy trial rights and objecting to the Court's Scheduling Order because it violated the Defendant's Speedy Trial Act rights (D.E. #16).

9. After being placed on Notice of the expected Speedy Trial Act violation, neither the United States nor this Honorable Court took measures to correct the violation.

## ARGUMENT

10. The Speedy Trial Act (hereinafter, "the Act"), intended to effectuate the Sixth Amendment right to a speedy trial, obligates the government to bring a defendant to trial within seventy (70) days of filing an information or indictment. *See 18 U.S.C. § 3161(c)(1)*; *United States v. Franklin*, 630 F.3d 53, 57 (1st Cir. 2011).

11. Specifically, the Act requires that, "in any case **in which a plea of not guilty is entered**, the trial of a defendant charged in an information or indictment with the commission of an offense **shall commence within seventy days from the filing date (and making public)** of the information or indictment, **or from the date the defendant has appeared** before a judicial officer of the court in which such charge is pending, **whichever date last occurs**…" 18 U.S.C. § 3161(c)(1) [emphasis added].

12. Pursuant 18 U.S.C. § 3161(h), certain periods of delay are to be excluded from the seventy-day clock, however, if no such periods of delay occur and trial has not commenced within the requisite time period, "the information or the indictment shall be dismissed on motion of the defendant." Id. § 3162(a)(2).

*Computation of Excludable Periods Pursuant to U.S. v. Huete-Sandoval*[1]

13. Following the U.S Supreme Court's decision in *Bloate v. United States* 130 S.Ct. 1345, 1353-54 (2010) the circuit court abrogated a prior rule that automatically excluded time for the parties to prepare pretrial motions from the Speedy Trial Act clock. *See United States v. Huete-Sandoval*, 668 F.3d 1, 4 (1st Cir. 2011) (recognizing abrogation).

14. The First Circuit court of appeals has clarified that the court's expression that speedy trial should be tolled "in the interest of justice" and that "such action outweighs the best interest of the public and the defendant in a speedy trial" is not sufficient to support the tolling. *Huete-Sandoval* at 2.

15. This view is not new for the First Circuit, as it stated in *United States v. Buckman*, 874 F.2d 57, 60 (1st Cir. 1989) that the district court had to express "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).[2] In *United States v. Rush*, 738 F.2d 497 (1st Cir. 1984), cert. denied 470 U.S. 1004, 105 S. Ct. 1355, 84 L. Ed. 2d 378 (1985), the court stated that the purpose of the requirement is to insure that the relevant criteria are carefully considered by the trial court and to provide a reviewable record for appeal."

16. The First Circuit requires that findings be made, orally or in writing, to the very least at the time of the denial of the motion to dismiss. See *Zender v. United* States, 547 US 489, 507 (2006).

17. Accordingly, the language of the Court's Scheduling Order issued on April 11, 2017 directly violates the First Circuit's decision to abrogate its prior rule excluding time for the

---

[1] 668 F.3d 1 (1st Cir. 2011)
[2] Now 3161(h)(7)(A)

preparation of pre-trial motions in *Huete-Sandoval* and cannot, in and of itself, serve to stop the Speedy Trial Act clock.

*The record*

18. The indictment charging Monzon-Ocasio was filed and made public on February 13, 2017. (D.E. #9)

19. An Arraignment of the Indictment was scheduled for February 22, 2017, but not held because the Court accepted Defendant's waiver and plea of not guilty, which was entered on February 21, 2017. ( D.E. #12)

20. On April 11, 2017 the Court issued a scheduling Order setting Defendant's trial for July 10, 2017. The July 10, 2017 trial date violates the Speedy Trial Act in that it is 147 days after Defendant's indictment was made public and 139 days after his plea of not guilty was entered. (D.E. #15)

21. The following day, on April 12, 2017, Defendant filed a Notice asserting his speedy trial rights and objecting to the Court's Scheduling Order as violating his rights. (D.E. #16)

22. Finally, on April 26, 2017, the United States issued its Notification to Defendant designating evidence, which requires no response by Defendant nor action by the Court.

23. As discussed above, neither the Court's scheduling order nor Defendant's Notice of STA rights nor the United States' Designation of Evidence stopped the Speedy Trial Act clock.

24. The defendant has been unable to identify excludable time since the date of his indictment being made public on February 13, 2015 or since his plea of not guilty was entered by the Court in lieu of his appearance on February 21, 2017.

25. Accordingly, assuming that the Defendant's entry of a not guilty plea on February 21, 2017 serves as the later date from which the Speedy Trial Act clock runs (as opposed to the date of Defendant's Indictment on February 13, 2017), then the seventy day clock ran out on May 2, 2017; otherwise, it ran out on April 24, 2017.

26. Given this computation, Defendant Monzon-Ocasio's speedy trial clock has currently been exceeded by at least eight (8) days; or as much as sixteen (16) days.

*Conclusion*

27. The district court's delay in setting this case for trial within seventy (70) days has caused Defendant Monzon-Ocasio unfair prejudice as to require the Indictment in this case to be dismissed.

28. No less than seventy-eight (78) non-excludable days ran from the time of Defendant's plea of not guilty being entered (and eighty-six (86) days from the date of Defendant's Indictment), to the date of the filing of this motion in violation of the defendant's speedy trial rights.

WHEREFORE, it is respectfully requested that this Honorable Court Order the dismissal of Defendant Monzon-Ocasio's Indictment.

RESPECTFULLY SUBMITTED,

By: /s/ Juan E. Milanés .
Juan E. Milanés, Esq.
Counsel for Defendant Luis A. Monzon-Ocasio
PR BAR # 225701
Law Offices of Juan E. Milanés, PLLC
1831 Wiehle Ave, Suite 105
Reston, VA 20190
Ph: (703) 880-4881
Fax: (703) 742-9487
milaneslaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel(s) of record.

At Reston, VA, this 10th day of May, 2017.

/s/Juan E. Milanés_____
Juan E. Milanés, Esq.
Counsel for Defendant Monzon-Ocasio