**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**LUIS ANGEL MONZON OCASIO,**<br><br>Defendant. | **CRIMINAL NO. 17-088 (CCC)** |

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DIMISS INDICTMENT**

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America, through its attorneys and very respectfully states and prays as follows:

INTRODUCTION

1. On May 10, 2017, the defendant filed a *Motion to Dismiss Indictment for Violation of Speedy Trial Act*. (See *Docket Entry 20*). Defendant alleges that 78 non-excludable days have transpired from the time of Defendant's plea of not guilty being entered; and 86 days non excusable days have transpired since the filing of the instant indictment, thus violating the 70-day rule imposed by the Speedy Trial Act (hereafter, "STA").

2. It is the position of the United States that the STA clock has not expired in this case, and assuming arguendo the defendant's STA calculations are the correct ones, a dismissal with prejudice is not warranted.

ANALYSIS

*The Speedy Trial Act was not violated*

1. The Speedy Trial Act requires that, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. Title 18, *United States Code*, Section 3161 (c)(1). The 70-day requirement is often referred to as the "speedy trial clock."
2. The Speedy Trial Act mandates dismissal when a defendant is not brought to trial within 70 days after the indictment or initial appearance. *United States v. Santiago-Becerril,* 130 F.3d 11, 17 (1st Cir. 1997).
3. The "speedy trial clock" begins ticking on the day a defendant first appears in court and stops the day a defendant files a motion to dismiss for a lack of speedy trial." *United States v. Hood*, 469 F.3d 7, 9 (1st Cir. 2006). If a complaint on which the defendant has made an appearance in the district of prosecution is pending when the indictment is returned, the period begins with the filing (or unsealing) of the indictment. *United States v. Gardner*, 488 F.3d 700, 717 (6th Cir. 2007).
4. Dismissal may be with or without prejudice and is left to the sound discretion of the trial court. *United States v. Vega-Molina,* 407 F.3d 511, 532 (1st Cir. 2005).

5. However, certain delays are recognized by the STA as justifiable and are therefore excludable from the 70 day clock. The STA contemplates that certain periods of time will be excluded from the computation. See 18 *U.S.C.* Section 3161(h).

6. Among the exclusions allowed, there is the "ends of justice provision", that is, the statute states that: "Any period of delay resulting from a continuance granted by any judge on his own motion […] if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. at Section 3161(h)(7)(A).

7. In *Bloate v. United States*, 130 S.Ct. 1345, 176 (2010), the Court held that delays resulting from mere preparation of pretrial motions ae not automatically excludable under section 3161(h)(1)(D). Rather the Court found that such delays may only be excluded pursuant to -the ends-of-justice-provision, provided that the trial court makes the appropriate case-specific findings that the benefits outweigh the costs as required by section 3161(h)(7). See *Bloate* at 1353-1354.

8. This exclusion required that the court set forth in the record of the case, either orally or in writing, its reasons for granting an ends-of justice continuance. Such findings must, at the very least, be entered into the record by the time a district court rules on a defendant's motion to dismiss under §3162(a)(2). Id.; see also *Zedner v. United States*, 547 U.S. 489, 507 (2006).

9. In the instant case, on April 11, 2017, this Honorable Court issued a *Scheduling Order*. See *Docket Entry 15*. The same details the due dates for the different procedural aspects

of the case. Moreover, it explains the reasons why that scheduling is necessary. In fact, section 4 of the Scheduling Order explains:

> (c) All pretrial motions including motions to dismiss or to suppress shall be filed by MAY 26, 2017. Any oppositions thereto will be due fifteen (15) days after the filing of the motion(s). **The Court finds that the interest of the defendant in adequately researching, drafting and filing of pretrial motions outweighs his interest and that of the community in a speedy trial.**
>
> (d) Any in limine motion raising objections to documentary evidence and any Daubert challenge to an expert witness shall be filed by MAY 24, 2017. **The Court finds that the interest of the defendant in adequately researching, drafting and filing in limine and Daubert motions outweighs his interest and that of the community in a speedy trial**.
>
> (e) The parties shall conclude plea negotiations by JUNE 19, 2017.
>
> (f) All motions for change of plea must be filed by noon JUNE 27, 2017.

See Docket Entry 15.

10. Based on the aforementioned, the United States submits that this Honorable Court, made the appropriate case specific findings that the benefits outweight the costs, as required by 18 U.S.C. §3161(h)(7).

11. Furthermore, the Supreme Court has held that the filing of pretrial motion falls within the STA exclusion for such filings irrespective of whether it actually causes, or is expected to cause, delay in starting trial. The filing of a pretrial motion falls within this provision irrespective of whether it actually causes or is expected to cause delay in starting a trial. See *United States v. Tinklenberg*, 563 U.S. 647, 650 (2011).

12. Due to the aforementioned, it is the United States position that this Honorable Court tolled the Speedy Trial Act in the instant case until June 27, 2017, to allow the parties to engaged in plea negotiations.

13. Shall a decision be reached that there were no case specific reasons provided for the negotiation to continue until June 27, then in the alternative, the Speedy Trial Act was tolled with case specific reasons in the interest of the defendant until May 26, 2017.

14. As stated in the *Scheduling Order*, "[t]he Court finds that the interest of the defendant in adequately researching, drafting and filing of pretrial motions outweighs his interest and that of the community in a speedy trial." Also, "[t]he Court finds that the interest of the defendant in adequately researching, drafting and filing in limine and Daubert motions outweighs his interest and that of the community in a speedy trial."

15. Therefore, it is the United States position that at the time of the filing of the Defendant's motion the 70 day clock had not ran out. More so, the same has not yet ran out.

16. In *United States v. Carpenter*, 781 F.3d 599, 618–19 (1st Cir.), cert. denied, 136 S. Ct. 196, 193 L. Ed. 2d 126 (2015), reh'g denied, 136 S. Ct. 609, 193 L. Ed. 2d 490 (2015), the defendant argued that an ends-of-justice continuance, which excluded from STA calculations all time between the status conference setting the trial date and the commencement of trial, was invalid because the district court did not at the time make specific findings in the record as to why it was granting the continuance, as required by 18 U.S.C. § 3161(h)(7)(A). In *Carpenter*, the district court "entered" its reasons for granting

a continuance into the record through the order denying the motion to dismiss on STA grounds, as well as in the hearing on that motion. The defendant's argument was rejected by the First Circuit. The Court further explained that:

> The Supreme Court has emphasized the importance of on-the-record findings, albeit in the context of a case where the defendant, at the district court's urging, waived for all time his speedy trial rights, and the government argued that the prosecution could be salvaged by granting a retroactive ends-of-justice continuance. Zedner v. United States, 547 U.S. 489, 507–08, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). **Zedner held that findings must be made "if only in the [trial] judge's mind" by the time the continuance is granted, and must be entered in the record by the time the district court denies the motion to dismiss on STA grounds.** Id. at 506–07, 126 S.Ct. 1976. *Id.* at 619. (emphasis added).

17. In the case at bar, it is clear that the Court stated in the *Scheduling Order* that the ends of justice served by granting until July 10, 2017, outweighed the best interest of the public and the defendant in a speedy trial.

18. Nonetheless, in light of *Carpenter, supra*, and in an abundance of caution, the United States respectfully requests the Court to specifically reaffirm in its ruling regarding the instant *Motion to Dismiss*, that the Court's order granting until June 27, 2017, to conclude plea negotiations served the ends of justice. In the alternative, we respectfully requests from the Court to specifically reaffirm in its ruling regarding the instant *Motion to Dismiss*, that the Court's order granting until May 26, 2017, to conclude the filing of motions served the ends of justice.

19. For the aforementioned reasons, Defendant's *Motion to Dismiss the Indictment for Violation of Speedy Trial Act* was premature and should be DENY.

**WHEREFORE**, the government respectfully requests this Court to DENY defendant's *Motion to Dismiss.*

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of May, 2017.

**ROSA EMILIA RODRIGUEZ-VELEZ**
UNITED STATES ATTORNEY

*s/ María L. Montañez-Concepción*
**María L. Montañez-Concepción**
Assistant United States Attorney
U.S.D.C. No. 228301
350 Chardon Avenue
Torre Chardon, Suite 1201
Hato Rey, Puerto Rico, 00918
Tel: 787-766-5656
Fax: 787-771-4050
Email: Maria.L.Montanez@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*s/ María L. Montañez-Concepción*
**María L. Montañez-Concepción**
Assistant United States Attorney