IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>LUIS ANGEL MONZON-OCASIO,<br>a/k/a "El Pito"<br>Defendant | CRIMINAL 17-0088CCC |

**ORDER**

Defendant Luis Angel Monzón-Ocasio filed a Motion to Dismiss Indictment for Violation of Speedy Trial Act (STA) on May 10, 2017 (**d.e. 20**), claiming that the July 10, 2017 trial date violates the Act's 70-day deadline. Defendant avers that as he was indicted on February 13, 2017 (d.e. 9), 86 days would have elapsed until the filing of his Motion and 147 days until his trial commences on July 10, 2017. He essentially argues that the Court's April 11, 2017 Scheduling Order (d.e. 15), and the various deadlines included therein, did not serve to toll the speedy trial clock. The United States responded on May 24, 2017 (d.e. 21), asserting that the deadlines established by the Court in the Scheduling Order tolled the speedy trial clock until June 27, 2017, when the deadline for the filing of a change of plea motion expired. As we find that the STA has not been violated in this case, we DENY defendant's motion.

While defendant contends that he "has been unable to identify excludable time since the date of his indictment being made public on February 13, 2015 or since his plea of not guilty was entered by the Court in lieu of his appearance on February 21, 2017," Motion at p. 4, the explanation he gives is

that according to the Supreme Court's decision in <u>Bloate v. United States</u>, 130 S.Ct. 1345 (2010) and the Court of Appeals opinion in <u>United States v. Huete-Sandoval</u>, 668 F.3d 1 (1st Cir. 2011), the deadline for the filing of pretrial motions included in the Court's Scheduling Order cannot serve to stop the speedy trial clock.

Defendant is plainly mistaken. <u>Bloate</u> held that delays not specifically listed as automatically excluded under the STA are excludable only if the Court makes specific findings of fact. <u>Bloate</u>, 130 S.Ct. at 1351. Thus, under <u>Bloate</u>, to exclude delays resulting from time given for the filing of pretrial motions the Court must find that "the ends of justice outweigh the best interest of the public and the defendant in a speedy trial." <u>See</u> 18 U.S.C. § 3161(h)(7)(A), (B). <u>Huete-Sandoval</u> merely followed that holding, stating that "delays resulting from mere preparation of pretrial motions are not automatically excludable under § 3161(h)(1)(D) . . . [and] such delays may only be excluded pursuant to the ends-of-justice provision, provided that the trial court makes the appropriate case-specific findings that the benefits outweigh the costs, as required by § 3161(h)(7)." <u>Id.</u>, at p. 4. The Court's Scheduling Order allowed defendant a period to prepare and file pretrial motions which expired on May 26, 2017 and, in strict compliance with Bloate and Huete-Sandoval, included explicit ends-of-justice findings when it stated that "[t]he Court finds that the interest of the defendant in adequately researching, drafting and filing of pretrial motions outweighs his interest and that of the community in a speedy trial." <u>See</u> Scheduling Order (d.e. 15), p. 5. Hence, the period from the filing of the

Scheduling Order until expiration of the deadline to file pretrial motions is excludable under the STA.

Additionally, the Court's Scheduling Order also established deadlines until June 19, 2017 for the parties to engage in and conclude their plea negotiations and until June 27, 2017 for defendant to file a change of plea motion if said negotiations proved to be successful. The period to engage in plea negotiations has been held to be excludable from the speedy trial calculation as "other proceedings" pursuant to 18 U.S.C. § 3161(h)(1). See United States v. Leftenant, 341 F.3d 338, 344-45 (4th Cir. 2003) (holding that plea negotiations trigger automatic exclusion pursuant to 18 U.S.C. § 3161(h)(1)); United States v. Van Someren, 118 F.3d 1214, 1218-19 (8th Cir. 1997) (same); United States v. Montoya, 827 F.2d 143, 150 (7th Cir. 1987) (same); United States v. Bowers, 834 F.2d 607, 610 (6th Cir. 1987) (same).

Here, defendant's seventy-day speedy trial clock was triggered by the filing of the Indictment on February 13, 2017. Absent any excludable delays, it would have been stopped when he filed his Motion to Dismiss on May 10, 2017. See United States v. Hood, 469 F.3d 7, 9 (1st Cir. 2006) ("The speedy trial clock . . . stops the day the defendant files a motion to dismiss for lack of a speedy trial."). But as the periods between the issuance of the Scheduling Order on April 11, 2017 and the deadline to file pretrial motions on May 26, 2017 and a change of plea motion until June 27, 2017 qualify as excludable delays under the STA, in reality the speedy trial clock stopped in this case on

April 11, 2017.  By then, only 56 days out of the 70 days allowed by the statute

had elapsed.  Accordingly, there has been no violation of the STA.

**The jury trial remains set for JULY 10, 2017 at 2:00 PM**.

SO ORDERED.

At San Juan, Puerto Rico, on July 5, 2017.

S/CARMEN CONSUELO CEREZO
United States District Judge
